**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL. NO. 1:05CV349**

| | |
|---|---|
| **EDWARD WAHLER and KATHY WAHLER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **Vs.** ) | **MEMORANDUM AND** |
| ) | **ORDER TO SHOW CAUSE** |
| ) | |
| **COUNTRYWIDE HOME LOANS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for a

temporary restraining order which is opposed by the Defendant.

## I.  PROCEDURAL HISTORY

On October 26, 2001, Edward Wahler borrowed $328,000 from Full

Spectrum Lending, Inc., a division of Countrywide Home Loans, Inc.

(Countrywide), a mortgage lender.[1]  On that same date, Wahler signed a

---

[1]Although Full Spectrum was the direct lender in this transaction,
Countrywide actually funded the loan; after closing, the note was assigned

promissory note obligating him to make monthly payments on the loan. The note was secured by a Deed of Trust which was signed by Edward Wahler and his wife, Kathy Wahler. The Wahlers defaulted in making their monthly payments due under the note in the fall of 2003.

On February 20, 2004, a foreclosure action was commenced against the Deed of Trust in state court. On August 12, 2004, the state court clerk entered an order allowing a foreclosure sale of the property. On August 18, 2004, the Wahlers appealed that order of foreclosure but abandoned the appeal. Instead of perfecting their appeal in state court, on September 7, 2004, the Wahlers filed a Notice of Removal of the state foreclosure proceeding to this federal Court. On November 15, 2004, the undersigned remanded the state foreclosure action to state court. ***See*, Order of Remand, filed November 15, 2004, in Civil Action 1:04cv185, *Bank of New York v. Wahler.*** In so doing, the undersigned specifically noted that the case was "a foreclosure proceeding [which] may not be removed to federal court.]" *Id.*

_____

to Countrywide. Thereafter, the note was sold to the Bank of New York although Countrywide continued to service the loan.

On October 28, 2005, the Wahlers brought an action against Countrywide in state court alleging violations of the Truth in Lending Act and various state law claims. That action was separate and distinct from the foreclosure action which proceeded in due course. The foreclosure sale occurred as to the property on November 16, 2005, and it was sold to the highest bidder, the Bank of New York. No upset bid was filed and the foreclosure sale became final in late November 2005. The Wahlers were notified to vacate the property and a writ of possession was issued putting the highest bidder, the Bank of New York, in possession of the property on January 25, 2006. The Wahlers were locked out of the property on February 3, 2006.

On February 6, 2006, after the fact, Gary Triggs, as counsel for the Wahlers, filed and served a motion for a temporary restraining order on Countrywide. The state court judge issued her decision on March 3, 2006, finding that the foreclosure sale was final; the Wahlers failed to take any action to preclude that finality until after the sale had become final; and thus, the Wahlers were not entitled to any relief.

Meanwhile, on November 25, 2005, Countrywide removed the other state court action alleging violations of the Truth in Lending Act to this

Court. On February 9, 2006, after the foreclosure sale was final and the Wahlers were out of the property, Gary Triggs, acting as their attorney, moved for a temporary restraining order in this Court seeking to enjoin the foreclosure. The language of that motion is virtually identical to the language of the motion filed in the state court foreclosure proceeding.

## II. DISCUSSION

The motion for a temporary restraining order was moot at the time it was filed since the foreclosure sale had become final and the Wahlers were no longer present on the property. This Court has no authority to interfere in a final state foreclosure action and that is a matter of which counsel should have been well aware. **Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (The *Rooker-Feldman* doctrine bars review by lower federal courts of state court decisions. "[R]eview of state court judgments is conducted only by the United States Supreme Court, as Congress has instructed."); *accord*, *Moore v. City of Asheville*, 396 F.3d 385, 391 (4th Cir.), *cert. denied*, 126 S. Ct. 349 (2005); *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *Arnold v. Waterfield Mortgage Co.*, 966 F. Supp. 387, 389 (D. Md. 1996), *aff'd*, 116 F.3d 472 (4th Cir.**

**1997) (Federal courts refrain from interfering in state court**

**foreclosure proceedings);** *accord, Fisher v. Fed. Nat'l Mortgage*

*Ass'n,* **360 F. Supp. 207, 211-12 (D. Md. 1973).**

Federal Rule of Civil Procedure 11 provides in pertinent part:

By presenting to the court . . . a pleading, . . . an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .;

(3) the allegations and other factual contentions have evidentiary support or, . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Fed. R. Civ. P. 11(b).**

Title 28 U.S.C. § 1927 provides in pertinent part:

Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

**28 U.S.C. § 1927.**

Triggs is hereby placed on notice that pursuant to Federal Rule of

Civil Procedure 11, 28 U.S.C. § 1927 and this Court's inherent powers, the

Court contemplates the imposition of sanctions for his conduct in filing this motion for a temporary restraining order.[2] That conduct includes the filing of a motion while a virtually identical motion was pending in state court, failing to advise the Court that such motion was pending, and requesting such relief in the face of overwhelming case law instructing lower federal courts not to interfere with state court foreclosure proceedings. The Court finds counsel's conduct particularly disturbing in view of previous actions brought in this Court by the Wahlers which have been dismissed and/or remanded. Counsel should have apprised himself of such matters. The sanctions contemplated by the Court may include directives of a non-monetary nature, an order to pay a penalty into court, and/or an order directing payment to the Defendant of reasonable attorneys' fees incurred as a direct result of the violation.

The complaint on which this action is based alleges only one federal question claim, a violation of the federal Truth in Lending Act. The

---

[2]The Court does not contemplate the imposition of sanctions based on counsel's conduct in filing the state court action. The undersigned does not have authority to impose sanctions pursuant to the federal rules for the signing and filing of an action in state court which is subsequently removed to federal court by the defendants. *Hunter v. Earthgrains Co. Bakery*, **281 F.3d 144, 157 n.20 (4th Cir. 2002) (citing** *Kirby v. Allegheny Beverage Corp.*, **811 F.2d 253, 257 (4th Cir. 1987)).**

remaining claims are state law claims over which the undersigned will decline to exercise jurisdiction in the event that the federal claim is dismissed. Moreover, in view of the evidence presented by the Defendant in opposition to the instant motion, the Court finds the Defendant should file a motion to dismiss prior to the initiation of discovery in this matter.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion for a temporary restraining order is hereby **DENIED**.

**IT IS FURTHER ORDERED** that C. Gary Triggs, shall appear and show cause at a hearing to be held **THURSDAY, APRIL 27, 2006, AT 10:00 AM**, in the main courtroom, Third Floor, United States Courthouse, Asheville, North Carolina, why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and this Court's inherent powers for his conduct in filing the motion for a temporary restraining order.

**IT IS FURTHER ORDERED** that the United States Marshal shall effect personal service of this Order to Show Cause on Mr. Triggs and shall file proof thereof.

**IT IS FURTHER ORDERED** that the Defendant shall file a motion to dismiss on or before 30 days from entry of this Order.

Signed: April 7, 2006

Lacy H. Thornburg
United States District Judge