**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:05CV349**

| | |
|---|---|
| **EDWARD WAHLER and KATHY WAHLER,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| **Vs.** ) ) | **ORDER OF DISMISSAL** |
| **COUNTRYWIDE HOME LOANS, INC.,** ) ) ) | |
| **Defendant.** ) ) | |

      **THIS MATTER** is before the Court on Defendant's motion to dismiss or, in the alternative, for summary judgment, and Plaintiff's motion to remand.  Both parties have briefed their respective positions, and these matters are now ripe for ruling.

## I.  BACKGROUND

      On October 26, 2001, Plaintiff Edward Wahler borrowed $328,000 from Full Spectrum Lending, Inc., a division of Defendant Countrywide Home Loans, Inc. (Countrywide), a mortgage lender, and signed a

promissory note obligating him to make monthly payments on the loan. *See* **Exhibit A,** *attached to* **Complaint; Defendant's Memorandum in Support of Motion to Dismiss or, in the alternative, for Summary Judgment, filed May 18, 2006, at 1-2.** As security for the note, Wahler, and his wife Kathy, signed a deed of trust for their residential home. **Exhibit A,** *supra***; Defendant's Memorandum, at 2.** The Wahlers subsequently defaulted in making their monthly payments; no monthly payment has been made on the note since December 2003. *Id*.

On February 20, 2004, a foreclosure action was commenced against the deed of trust in the state court. **Defendant's Memorandum, at 2.** During this foreclosure proceeding, Plaintiffs filed a counterclaim against Defendant as well as other parties to the foreclosure stating the $328,000 loan was rescindable because Defendant had not fully complied with the disclosure requirements under the federal Truth in Lending Act. *Id.***, at Exhibit A;** *see also***, 15 U.S.C. § 1635(a).** Plaintiffs voluntarily dismissed the counterclaim on March 22, 2004, and re-filed an identical claim against Defendant on that same day. *See***, Exhibit B, Withdrawal of Counter Complaint,** *and* **Exhibit C, Verified Complaint,** *attached to* **Defendant's Memorandum.** On August 19, 2004, Plaintiffs again voluntarily dismissed

the second action against Defendant.  **Exhibit D, Notice of Dismissal,**

***attached* to *id*.**  On October 24, 2005, Plaintiffs filed the present action

against Defendant in state court, alleging once again that the original loan

is rescindable due to Defendant's failure to comply with the disclosure

requirements set out in 15 U.S.C. § 1635(a), in addition to numerous state

law claims.  ***See*, Complaint, *attached to* Defendant's Notice of**

**Removal, filed November 28, 2005.**  Defendant removed that action to

this Court on November 28, 2005.  ***Id*.**


## II.  ANALYSIS

Rule 41(a)(1) of the Federal Rules of Civil Procedure allows a plaintiff

to voluntarily dismiss his or her case against a party by filing notice of

dismissal before the opposing party files its answer or a motion for

summary judgment, or by filing a stipulation between the parties as to the

dismissal.  **Fed. R. Civ. P. 41(a)(1)(i), (ii).**  The Rule further states,

> [u]nless otherwise stated in the notice of dismissal or
> stipulation, the dismissal is without prejudice, except that a
> notice of dismissal operates as an adjudication upon the merits
> when filed by a plaintiff who has once dismissed in any court of
> the United States or of any state an action based on or
> including the same claim.

**Fed. R. Civ. P. 41(a)(1).** This provision is known as the "two-dismissal rule" – allowing a plaintiff to re-file the same claim following a voluntary dismissal only once before attaching prejudice to the action – and has been expressly recognized by the United States Supreme Court and the Fourth Circuit Court of Appeals. ***See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990) ("If the plaintiff invokes Rule 41(a)(1) a second time for an 'action based on or including the same claim,' the action must be dismissed with prejudice."); *Manning v. South Carolina Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 47 (4th Cir. 1990) (citing Rule 41(a)(1), the court stated, "[b]ecause a notice of a second dismissal by the plaintiff serves as an 'adjudication on the merits,' the doctrine of *res judicata* applies.").** The two-dismissal rule of Rule 41(a)(1) applies equally to original claims, counterclaims, cross-claims, and/or third-party claims. ***See* Fed. R. Civ. P. 41(c).** Additionally, the defendants involved in the actions subject to the two-dismissal rule "must be the same, substantially the same, or in privity" for the rule to apply. ***Ogden Allied Sec. Servs., Inc. v. Draper & Kramer*, 137 F.R.D. 259, 261 (N.D. Ill. 1991).**

The two-dismissal rule also applies to voluntary dismissals of actions filed in state court "if the state has enacted its own version of the two dismissal rule and would therefore treat the second dismissal as a dismissal with prejudice." ***Manning*, 914 F.2d at 48 n.5.** ***See also Wright & Miller, Federal Practice and Procedure: Civil 2d* §2368 (1995) ("However if the state has a rule comparable to Rule 41(a)(1), the dismissal in state court would be an adjudication on the merits in the state court by virtue of the state rule and would bar, as would any adjudication on the merits, a new suit in a federal court.").** North Carolina has enacted a rule of civil procedure virtually identical to Federal Rule of Civil Procedure 41(a)(1) which contains the two-dismissal rule. ***See* N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2005) ("Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim.").**

On March 10, 2004, Plaintiffs filed a counterclaim against Defendant during the original foreclosure proceeding in state court alleging, among

other claims, that the loan transaction "was rescindable and subject to the disclosure requirements of [the Truth in Lending Act] 15 U.S.C. § 1635(a)[.]" **Exhibit A,** *attached to* **Defendant's Memorandum, at 1-2.** Plaintiffs subsequently withdrew their counterclaim on March 22, 2004, which this Court finds to be the same as a voluntary dismissal. **Exhibit B,** *attached to id.* On that same day (in fact, some 30 minutes later), Plaintiffs filed a verified complaint in state court against the Defendant which was virtually identical to their original counterclaim. **Exhibit C,** *attached to id.* Again, among other claims, Plaintiffs asserted the loan was rescindable and subject to the disclosure requirements of 15 U.S.C. § 1635(a). *Id.* On August 19, 2004, Plaintiffs voluntarily dismissed that action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.[1] **Exhibit D,** *attached to id.* Although this voluntary dismissal was the first time Plaintiffs actually cited Rule 41, it was actually the second time they had voluntarily dismissed the same claim against the same defendant.

---

[1] Although Plaintiffs cite Rule 41(a)(1) of the <u>Federal</u> Rules of Civil Procedure in their voluntary dismissal, they actually derived the ability to voluntarily dismiss this state action under Rule 41(a)(1) of the <u>North Carolina</u> Rules of Civil Procedure. ***See*** **N.C. Gen. Stat. § 1A-1, Rule 41(a)(1).** Nevertheless, Rule 41(a)(1) of the N.C. R. Civ. P. is virtually identical to Rule 41(a)(1) of the Fed. R. Civ. P. and the effect of Plaintiffs' voluntary dismissal remains the same.

Thus, under both the Federal Rules of Civil Procedure and the North Carolina Rules of Civil Procedure, Plaintiffs' second voluntary dismissal of this claim against Defendant for failure to comply with the disclosure requirements of 15 U.S.C. § 1635(a) was a dismissal on the merits and with prejudice, and *res judicata* prevents further litigation of this claim.

In the present case, Plaintiffs are once again filing a claim against Defendant for failure to comply with the disclosure requirements set out in 15 U.S.C. § 1635(a) and stating the loan is rescindable.  In other words, Plaintiffs are filing "an action based on or including the same claim" as the previous actions.  **Fed. R. Civ. P. 41(a)(1).**  Plaintiffs argue the two-dismissal rule should not apply because Bank of New York, a party to the foreclosure action against Plaintiffs, was not listed in the counterclaim. However, as stated above, the two-dismissal rule remains effective when defendants are "the same, substantially the same, or in privity[.]"  ***Ogden*, 137 F.R.D. at 261.**  Bank of New York purchased the promissory note from Countrywide, and the two corporations clearly have privity due to their continued relationship in pursuing foreclosure against Plaintiffs.  Therefore, this argument is rejected, and the Court finds Plaintiffs have previously voluntarily dismissed this claim against Defendant twice before.  Because

this Court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered[,]" Plaintiffs' claim is now barred under the two-dismissal rule found in North Carolina law, which is virtually identical to the rule found in the Federal Rules of Civil Procedure. ***Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).**

In conclusion, Defendant's motion to dismiss Plaintiffs' claims under the Truth in Lending Act is granted on the grounds that Plaintiffs are precluded under both the North Carolina and Federal Rules of Civil Procedure from bringing this claim a third time after their two voluntary dismissals of this claim against Defendant. As stated in this Court's previous order, dismissal of Plaintiffs' claims under the Truth in Lending Act deprives this Court of subject matter jurisdiction, as the remaining claims are based on state law and the damages claimed do not exceed $75,000. Therefore, this Court will not exercise supplemental jurisdiction over the remaining state law claims. **Order, filed April 7, 2006, at 6-7.** Plaintiffs' motion to remand will be denied as moot.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss Plaintiffs' claims under the federal Truth in Lending Act is **GRANTED,** and such claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, the Court having declined to exercise pendant jurisdiction over Plaintiff's remaining claims, the same are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion to remand is **DENIED** as moot.

Signed: October 6, 2006

Lacy H. Thornburg
United States District Judge