**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:05CV349**

**EDWARD WAHLER and KATHY WAHLER,** )
)
)
**Plaintiffs,** )
)
**Vs.** ) **O R D E R**
)
**COUNTRYWIDE HOME LOANS, INC.,** )
)
)
**Defendant.** )
)

**THIS MATTER** is before the Court on Plaintiffs' *pro se* "Petition to Vacate a Void Order and Motion to Enlarge and Amend Finding of Facts and Conclusions of Law" and Defendant's response opposing the relief sought.

## I. BACKGROUND

The factual background of the present dispute between Plaintiffs and Defendant is contained in the Court's previous orders; only the procedural

history relevant to the current motion before the Court will be recited here. ***See* Order, filed October 5, 2006.**

On October 5, 2006, this Court dismissed Plaintiffs' action filed against Defendant on procedural grounds. ***See id.*** Because the Court dismissed Plaintiffs' action, the Court did not address Plaintiffs' motion to remand and dismissed it as moot. Plaintiffs now file the present petition to "vacate the void order" issued by this Court on October 5, 2006, and request the Court amend and enlarge the previous findings of fact and conclusions of law.

## II. ANALYSIS

Plaintiffs bring the present motion "to vacate a void order" and "enlarge and amend finding of facts and conclusions of law" pursuant to Rule 52(b) of the Federal Rules of Civil Procedure. "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly." **Fed. R. Civ. P. 52(b).** "Motions made under Fed. R. Civ. P. 52(b) . . . are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new

theories. Instead, these motions are intended to correct manifest errors of law or fact or to present newly discovered evidence." ***Evans, Inc. v. Tiffany & Co.*, 416 F. Supp. 224, 244 (N.D. Ill. 1976).**

Considering Plaintiffs' *pro se* status, it may be more proper to construe their present motion as one brought under Rule 60(b), which allows the Court to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment." **Fed. R. Civ. P. 60(b)(4), (6).** The Fourth Circuit Court of Appeals has held, "[t]he decision to grant Rule 60(b) relief from a final order is committed to the sound discretion of the district court and can be reviewed only for abuse of that discretion." ***Transportation, Inc. v. Mayflower Servs., Inc.*, 769 F.2d 952, 954 (4th Cir. 1985).**

This Court previously dismissed with prejudice Plaintiffs' action against Defendant pursuant to the two-dismissal rule of Federal Rule of Civil Procedure 41(a)(1). ***See* Order, *supra*, at 9.** Whether the Court construes Plaintiffs' motion under Rule 52(b), as requested, or Rule 60(b) matters not. Plaintiffs have offered no additional argument, legal basis, or evidence to convince the undersigned that the dismissal was unwarranted,

and therefore, the Court will not disturb its previous ruling. Furthermore, because the Court previously dismissed Plaintiffs' action against Defendant pursuant to Federal Rule of Civil Procedure 41(a)(1), it chose not to exercise jurisdiction over Plaintiffs' motion to remand and denied the motion as moot. ***See id.*** Therefore, Plaintiffs' challenge of this Court's jurisdiction was and remains simply meaningless, as the Court has declined to exercise jurisdiction over Plaintiffs' remaining claims.

Nevertheless, the undersigned has reviewed Plaintiffs' previous and current challenges to this Court's jurisdiction. Article III of the United States Constitution states, "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." **U.S. Const. art. III, § 1.** With regards to the present action, Plaintiffs' original claim – damages under the Truth in Lending Act, 15 U.S.C. § 1635(a) – concerned a question arising under federal law, over which Congress has specifically granted jurisdiction to the federal district courts. **28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").** Despite this clear and commonly known language, Plaintiffs

argue that this Court lacks jurisdiction over their suit (which they chose to file in this Court) on the basis that "Congress never created Article III courts empowered with the judicial authority of the Constitution of the United States of America." **Plaintiffs' Petition to Vacate a Void Order and Motion to Enlarge and Amend Finding of Facts and Conclusions of Law, filed October 19, 2005, at 1.** Plaintiffs further assert that this Court's silence on the question of jurisdiction constitutes fraud, breach of fiduciary duties, and acts as "an estoppel from issuing any judgments or orders in the instant case." ***Id.* at 1-9.** As bases for these claims, Plaintiffs cite non-binding dissenting opinions, the California Business and Professions Code, and numerous cases taken out of context. ***Id.* at 2-9.** Finding no merit, let alone logic, in Plaintiffs' filings, the undersigned directs Plaintiffs' attention to Federal Rule of Civil Procedure 11, which provides in pertinent part:

> By presenting to the court . . . a pleading, . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . . ;

> (3) the allegations and other factual contentions have evidentiary support or, . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Fed. R. Civ. P. 11(b).**

The Court considers Plaintiffs' conduct in filing this matter to be frivolous and done to harass the judicial system. *Pro se* litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. ***Demos v. Keating*, 33 F. App'x 918 (10th Cir. 2002); *Tinker v. Hanks*, 255 F.3d 444, 445 (7th Cir. 2001); *In re Vincent*, 105 F.3d 943 (4th Cir. 1997).** Plaintiffs are hereby warned that future frivolous filings may result in the imposition of sanctions pursuant to Rule 11 and this Court's inherent powers. Such sanctions may include directives of a non-monetary nature, an order to pay a penalty into court, an order directing payment of reasonable attorneys' fees incurred, and/or an injunction against making any filings within the Western District of North Carolina. ***Vestal v. Clinton*, 106 F.3d 553 (4th Cir. 1997); *Foley v. Fix*, 106 F.3d 556 (4th Cir. 1997); *In re Head*, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994); 28 U.S.C. § 1651(a); *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).**

Accordingly, because Plaintiffs have provided no new argument, legal basis, or evidence to convince this Court to disturb its previous ruling, Plaintiffs' present motion is denied. Plaintiffs are further warned that future frivolous filings may cause this Court to impose sanctions pursuant to Federal Rule of Civil Procedure 11 and its inherent powers.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Petition to Vacate a Void Order and Motion to Enlarge and Amend finding of facts and Conclusions of Law" is **DENIED.**

Signed: November 14, 2006

Lacy H. Thornburg
United States District Judge